IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL H. RICHARDS, | ) | CIVIL NO. 14-00235 SOM/RLP |
|---|---|---|
| Petitioner, | ) | ORDER DENYING MOTION TO QUASH SUBPOENA DUCES TECUM |
| vs. | ) | |
| DEPARTMENT OF DEFENSE, | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO QUASH SUBPOENA DUCES TECUM**

**I.     INTRODUCTION.**

Petitioner Michael H. Richards moves to quash the subpoena duces tecum served on the Navy Federal Credit Union seeking Richards's financial records. Richards argues that financial records predating his service in the United States Navy Reserve and following his release from active duty bear no relevance to any legitimate law enforcement inquiry by the Department of Defense. The court rejects this argument and denies the motion.

**II.     FACTUAL BACKGROUND.**

Michael H. Richards is a Master Chief Petty Officer in the United States Navy Reserve, who is under investigation for possible violations of 18 U.S.C. § 371 (Conspiracy to Commit Offense or to Defraud United States), 18 U.S.C. § 641 (Embezzlement and Theft of Public Money, Property, or Records), and the Uniform Code of Military Justice Articles 107 (False

Official Statements), 121 (Larceny and Wrongful Appropriation), and 132 (Frauds Against the United States). Specifically, the investigation concerns allegations that Richards falsely claimed that he had a dependent son, and received approximately $33,590.50 in pay and allowances to which he was not entitled from approximately December 2006 to September 2011. See ECF No. 7, PageID #s 11 and 12.

Pursuant to the Inspector General Act of 1978, 5 U.S.C. App. 3, the Department of Defense served a subpoena duces tecum on the Navy Federal Credit Union to obtain records from January 1, 2006, through the date of the subpoena, February 27, 2014, connected to Richards's accounts. Richards was served with a copy of the subpoena on April 12, 2014. See id., PageID # 25.

On April 24, 2014, Richards filed a "Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978," which requests that the court issue an order pursuant to 12 U.S.C. § 3410 barring the Government from obtaining Richards's financial records at the Navy Federal Credit Union. See ECF No. 1. The court construed this motion as a motion to quash the subpoena duces tecum served on the Navy Federal Credit Union. See ECF No. 3.

In his motion to quash, Richards asserts that the Navy Federal Credit Union records "are not relevant to the legitimate law enforcement inquiry stated in the Customer Notice that was

sent/served to me and should not be disclosed, as the period requested is outside of the scope and dates of Active Duty whereby I am alleged to have fraudulently claimed and received [what I believe to have been authorized] Basic Allowance for Housing at the Dependant Rate." See ECF No. 1, PageID # 2.

The Government filed its Memorandum in Opposition to Richards's Motion on May 23, 2014. See ECF No. 7. The court permitted Richards to file a reply by May 30, 2014. Although the reply was not received until June 2, 2014, the court considers it.

**III.     STANDARD.**

Pursuant to 5 U.S.C. App. 3 § 6(a)(4), an Inspector General may "require by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data in any medium (including electronically stored information, as well as any tangible thing) and documentary evidence necessary in the performance of the functions assigned by this Act[.]"

A customer may challenge such a subpoena under 12 U.S.C. § 3410(c), and a court, in response to a customer's motion to quash a subpoena, shall deny the motion "[i]f the court finds that the applicant is not the customer to whom the financial records sought by the Government authority pertain, or that there is a demonstrable reason to believe that the law enforcement

3

inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." If, on the other hand, "the court finds that the applicant is the customer to whom the records sought by the Government authority pertain, and that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, or that there has not been substantial compliance with the provisions of this chapter, it shall order the process quashed[.]" 12 U.S.C. § 3410(c).

Other circuits have noted that the court's role in reviewing administrative subpoenas, including those issued pursuant to the Inspector General Act of 1978, is "strictly limited." See United States v. Inst. for Coll. Access & Success, No. 13-0081 (ABJ), 2014 WL 1047669, at *4 (D.D.C. Mar. 19, 2014); see also Univ. of Med. & Dentistry of N.J. Corrigan, 347 F.3d 57, 64 (3d Cir. 2003).

**IV. ANALYSIS.**

Richards challenges the subpoena duces tecum served on the Navy Federal Credit Union insofar as it seeks records that precede his service in the Reserve and follow his release from active duty. Richards does not appear to challenge the subpoena with respect to records during the period of his service and does

not challenge the power of the Inspector General of the Department of Defense to issue the subpoena.

**A. Legitimate Law Enforcement Inquiry**.

The financial records predating Richards's service in the Reserve and following his release from active duty are being sought by the Department of Defense in connection with a legitimate law enforcement inquiry.

A "law enforcement inquiry" is defined in § 3401 of the Right to Financial Privacy Act as "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto." 12 U.S.C. § 3401(8). Richards is under investigation for potential violations of a number of statutes and articles of the Uniform Code of Military Justice. Unless the investigation is unlawful, there is at least a basis for a "legitimate law enforcement inquiry." See 12 U.S.C. § 3410(c).

Pursuant to the Inspector General Act of 1978, each Inspector General must "coordinate audits and investigations relating to the programs and operations of such establishment," and the Inspector General of the Department of Defense is specifically directed to "investigate fraud, waste, and abuse uncovered as a result of other contract and internal audits[.]" See 5 U.S.C. App. 3 §§ 4(a)(1), 8(c)(4). As an investigation

into fraud and abuse within the Department, the investigation into whether Richards received pay and allowances to which he was not entitled falls within the power of the Inspector General of the Department of Defense and constitutes a lawful investigation.

**B.  Relevancy of the Records Sought.**

The Navy Federal Credit Union records sought by the subpoena are relevant to the legitimate law enforcement inquiry noted above.

As the Government contends, the records that predate Richards's service are relevant to determining whether, prior to claiming a dependent son in December 2006, Richards was providing financial support to this individual. The subpoena is limited to records starting from January 1, 2006, a date that is reasonably related to the investigation in light of Richards's December 2006 claim of a dependent son.

The records spanning the period after Richards's release from active duty may be relevant to the issues of potential asset forfeiture and recovery if Richards is determined to have obtained funds improperly.

**V.      CONCLUSION.**

Because the financial records sought are relevant to a legitimate law enforcement inquiry, Richards's motion to quash is denied.  With the issuance of this order, the court considers this matter closed.  If Richards seeks review of this order by the Ninth Circuit Court of Appeals, this order triggers the start of the appellate review period.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 3, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


Richards v. Department of Defense, Civ. No. 14-00235 SOM/RLP; ORDER DENYING MOTION TO QUASH SUBPOENA DUCES TECUM